The next case before us this morning is 25-1296, United States v. Medina. Mr. Ray, if you'll make an appearance and proceed, please. Thank you, Your Honor. May it please the Court, my name is Ryan Ray, and I represent the defendant and appellant, Leonardo Medina, and I would respectfully request to be allowed to reserve two minutes of my time for rebuttal. This Court should reverse Mr. Medina's convictions and sentences, remanding for a new trial, because the District Court erred in finding that the government had shown that the Title III wiretaps on Target Telephone 1 and Target Telephone 5 were necessary for purposes of 18 U.S.C. 2518, and I believe it's subsection 3C. The government's affidavits did not show here that normal investigative procedures had failed or were not reasonably likely to succeed, except in entirely conclusory and boilerplate terms that could and would apply to most or all members of every suspected drug conspiracy. And such statements do not satisfy the necessity requirement of the Title III wiretap statute as set forth in this Court's authority, and I believe Castillo-Garcia, that we cited in our papers, is the most on-point case. Counsel, can I ask you about your argument regarding the two different phones? I read your brief to say that the affidavit supporting the tap on Target Phone 5 essentially suffered from the same problems, as you argue, that the affidavit suffered from that allowed or authorized the tap on the first phone. Is there an independent basis for us to reverse on Phone 5 that would not apply to Phone 1, or if we find that the affidavit in the first phone was sufficient, does that answer the question for both phones? Your Honor, I would submit that the same flaws apply to both of the affidavits, and namely, there is some additional context that is reflected in the affidavit on Target Phone 5, but conceptually, at least, it is the same flaw that both suffer from, namely, the failure in non-conclusory and particularized terminology the case law speaks to as to why traditional and normal investigative procedures would not uncover or achieve the ends of this investigation. And what we have here in particular are the phrases that repeat themselves persistently, are evasive driving and situational awareness. Mr. Wray, please let me interrupt for a quick second because I want to be clear on your answer to Judge Federico. The upshot that I took from that question was do you accept the premise that your objections to 1 and 5 stand or fall together? In other words, if we were to find that your objections as to 1 were insufficient on the necessity front, that that would naturally or necessarily mean the same for 5, or if we were to find that your objections as to 1 were sufficient, that would necessarily mean the same as to 5. So I'm trying to, at least for me, that was what I took from the question, and at least that's what I want to know the answer to. Your Honor, I would say this, that I don't know that they're absolutely required, but they are similar in this extent. If the court says that the descriptions in category entitled in Target Telephone 1's affidavits are good enough, then the only other things in Target Telephone 5's application would be the same kinds of objections. I don't know that they're 100% coterminous, but the conceptual objection is the same, namely that there has not been sufficient explanation of why traditional investigative means had failed. And if the court is going to conclude that those in the first, in Target Telephone's 1 affidavit are sufficient, then it would be very difficult for me to identify anything that would survive that conclusion in the affidavit for Target Telephone 5, even though there may be some additional statements about additional events. The same conceptual objections apply to all of them. I understand. Thank you. Now, I would also like to say, look, the primary thing we're confronting from our adversaries is that we've either waived or forfeited these arguments. And respectfully, that is not the case because Mr. Medina never intentionally abandoned any of these arguments. So I don't think they're really arguing waiver. I think what they're really arguing is forfeiture. And forfeiture does not apply because we're pursuing the same legal theories on appeal that we pursued below, that the necessity requirement is not met, and the argument below was that traditional investigative methods had and would work. And those, that legal theory and that more particularized argument were unquestionably made to the district court below. And the Supreme Court and this court's authority allows for more detailed arguments to support the legal theories and rationales that were raised below. This is not a case where we're arguing some entirely new theory that was never raised below. Mr. Medina moved to suppress these two target telephone affidavits on the legal grounds that they failed to meet the necessity requirement under the statute. And he also said, both in his briefing and at the hearing, that traditional investigative techniques were working and would work in the future. And so we are permitted to, especially where traditional investigative techniques is kind of a phrase of art that is found in this court's case law. And there's a number of things that constitutes. We're allowed under those circumstances to make slightly more detailed arguments than were made below. And the failure to say chapter and verse exactly what we've said in our appellate brief is neither a waiver nor is it a forfeiture. Counsel, could I just ask you to elaborate a little bit on your arguments on the necessity issue? And I was wondering if, I'm not sure you say this explicitly, but whether one of the things you're trying to argue is that the applications were premature. In other words, that the traditional techniques weren't used for a sufficient length of time. Is that part of your argument? I think perhaps so, Your Honor, in this extent. So this investigation had been ongoing for a relatively short period of time compared to the other cases that this court has decided and that are cited in the papers. I think the Zabata case is one of them. There is the Killingsworth case. I know that was cited in Castillo-Garcia. And what those cases, they involve lengthy periods of time. Killingsworth, in particular, talks about a lengthy investigation that appeared to have lasted for several years. And so in the broader context, I would say yes, Your Honor, and the context here is this. The traditional investigative methods were working here. And over a relatively brief period of time, the government had identified the majority of the people that were ultimately charged. And I think maybe all of the people in the leadership of this organization, as it was ultimately presented, had been identified. And so when you then couple that with the fact that the government had GPS trackers, there was one of Mr. Medina's car itself. When you take all of those things into account, our position is that there is not adequate explanation of why continuing to do those things wouldn't reveal the exact types of things that the government was seeking, or at least there wasn't an explanation of why traditional surveillance would not work here. So, counsel, what you've just been saying leads into my next question, which is a little more general, and it goes to the nature of our review. And I'm interested in your addressing, under the abuse of discretion standard, how much deference do we owe the district court's determination that the government met its burden to show necessity for the wiretap? I would say this, Your Honor. Certainly, deference is owed under the abuse of discretion standard, but this court's case law does make clear that an error of law is an abuse of discretion. And so what I contend here is that where Castillo-Garcia and other cases say that these type of conclusory statements that would apply to virtually all drug activity is not sufficient, if the court says here, yes, they are, then I would contend that is an error of law that itself is an abuse of discretion because it's inconsistent with the statements and rationale of Castillo-Garcia. And this was not, look, this was not, we have this, in Zapata and Killingsworth in particular, we had situations where all of these conspiracy members were close-knit family. They were all family members. In Zapata, even, they lived in what the court's opinion called an affluent neighborhood. There's some suggestion it may have been gated. None of that was here. And that was all detailed in those cases. And here what you had was conclusory statements that were not particularized as to why physical surveillance of Mr. Medina and some of the other co-defendants would not work, particularly where, in the context of this case, it had been working. Counsel, but didn't they, in the affidavit, describe how they did engage in physical surveillance and how there were evasive maneuvers that Mr. Medina and others had used? So even though they may have identified him, really what they were going for was better information, better evidence as to the role that he and others may have played within the organization. I would say, though, Your Honor, that the affidavit did not detail what the evasive maneuvers were and also why they would thwart traditional investigative means. That is what was not identified. And I would, unless there are any other questions, I would request to reserve due balance of my time. Thank you. Morning, Your Honors, and may it please the Court. Rajiv Mohan for the United States. I'd like to start with preservation, or rather the lack thereof, and I'd first like to address some of the law on preservation before getting to its application here. And I heard Mr. Wray refer to Supreme Court precedent, and I believe he's referring to ye versus city of Escondido, which he cites in his reply brief for the principle that a party on appeal can raise any argument in support of a broad claim presented below. And I think the problem for him is that this Court has expressly rejected that broad reading of ye, and I would cite for that point Parker Excavating, Inc. versus Lafarge West, Inc., which is 863 F3rd 1213 at page 1223. I think instead this Court has explained that what matters are not overarching legal claims but theories. And so while it is true that a party may bolster a theory that was presented below, it may not shift theories on appeal. And I think that here Mr. Medina has indeed shifted theories, and it's not enough that he raised necessity generally below, as I think a case like Leffler illustrates in recognizing that it is not enough that a theory falls under the same general category as an argument presented below. Well, why doesn't this fall into the circumstance of Murphy? And I'd like you to square this with our decision in Murphy, which in fact acknowledges that you can make broad arguments below and build on them in the context of an appeal. It's not like he did not raise the specific phones, 1 and 5. It's not like he didn't say what about phone 1 and 5. He was challenging that the necessity was infirm because their traditional methods could get at this, and therefore they didn't need to shift to a Title III. So why can't he not refine those arguments? Murphy suggested to me that he can, and therefore I want your response to why that Murphy doesn't answer this question. Mr. Your Honor, I agree that he raised necessity below. I also agree that he addressed these two telephones below. But I would disagree that his explanations, at least regarding his main theory on appeal, regarding boilerplate statements, I would submit that that explanation regarding these phones was not presented below. So I think you heard Mr. Wray describe his theory just now as one of sufficient explanation in the affidavit. Well, the point I'm making is that in the preservation context, the notion that one can refine, elaborate, build on your arguments, we have spoken to whether you can do that. And we have done that in Murphy, and Murphy says you can do that. And if you can do that, why isn't this a building upon refining of the arguments that he made below? And my response would be I think his argument below on Target Telephone 1, and I'm looking at page 300 of Volume 1, was that based on the information gained through physical surveillance, the full scope of this drug trafficking organization was being uncovered without the need for the wiretap. And similarly on Target Telephone 5, which is at page 304 of Volume 1, Mr. Medina essentially said that the information gained from the earlier wiretap was enough to indict him. I think those explanations are different than the main one you just heard. In other words, the problem below was that the investigative techniques themselves were adequate to uncover the full scope of the conspiracy, whereas on appeal, Mr. Medina's main theory is that the explanations regarding those techniques are inadequate. And I do think that is a shift in theory. And I think the touchstone of preservation in cases like Street and Murphy is whether the district court had a fair opportunity to pass on these issues. And I don't think the district court here had a fair opportunity to pass on these boilerplate generality type arguments. Why can't we read the district court's analysis and reasoning as to why it was denying their motions, as it did understand that within the construct of the necessity challenge that sort of the same theories were before it. And it gave pretty broad reasoning for why it was denying the motion. But why can't we glean from the district court's explanation of its reasoning that it did pass upon these challenges? Again, I come back to the distinction in theories. I think the district court's reasoning was more along the lines of these techniques had gotten the investigation so far, but they weren't going to get it any farther. I don't think the court specifically addressed whether any statements, let alone these particular statements in the affidavit, were too general under Castillo-Garcia. And if I could, let me address the merits on that point. We certainly agree that Castillo-Garcia says that statements must be factual in nature, and they must specifically relate to the individuals targeted by the wiretap. And I think that was the case here. I think if you look at the paragraphs in question, they each relate to a specific instance of surveillance on a specific date regarding a specific target. And I'm not aware of any case, certainly none that Mr. Medina cites, that holds this level of detail inadequate. To the contrary, I think if you look at one of the problematic statements in Castillo-Garcia, it was something along the lines of how it was unlikely that a surveillance operation could be conducted for more than a brief period of time before it was discovered. And I think that is distinguishable from these specific instances of surveillance addressed here. And similarly, the rare few other cases where other circuits have held statements inadequate. Mr. Medina cites a couple, United States v. DeMura out of the First Circuit and United States v. Lilla out of the Second Circuit. You similarly had general statements along the lines of how normal investigative techniques are generally unproductive in dealing with gambling operations or how no other investigative technique exists to determine the identity of the individuals involved. And I think we are a far cry from those sorts of generalities here. Instead, I think the statements here are in line with ones that both this court and other circuits have held to be sufficiently detailed and factual. And to illustrate the sort of outer boundaries of that, I would point to one case Mr. Medina cites out of the Second Circuit, United States v. Concepcion, where the government did not even detail specific instances of surveillance, but rather just claimed that agents had attempted to conduct physical surveillance on numerous occasions. And the Second Circuit held that even that was enough. And so I think the fact that we are addressing specific circumstances here gets us well past the factual and particular requirement of Castillo-Garcia. And in one of the statements that Mr. Ray made, I want to drill down on a little bit. Do you accept the premise that if there were statements in this affidavit that mirrored the statements in Castillo-Garcia, that if the court went forward on those statements, it would be committing an error of law in considering those statements? I would disagree, Your Honor. I think this court has held that the abuse of discretion standard, it applies. And I don't think, you know, I think what Mr. Ray's argument is, is nothing more than the necessity requirement itself. It's not a sort of discrete legal aspect of that requirement. So I would hold that the abuse of discretion standard still applies, and it is a deferential standard, not a pure question of law or anything like that. And let me just think about it. I'm trying to just make sure I parse that out for a second. Thinking about sort of a hypothetical in which someone had put forward an affidavit and basically just sketched out what the law is on necessity and said that we've satisfied that full stop period. One could imagine that you could find, would you accept the premise that it would be an abuse of discretion because the court committed an error of law in that situation and not finding any sort of factual nexus between this case and between the case at hand and the statements in the affidavit? So I agree it would be an abuse of discretion. I think in that extreme example, it may be equivalent to a pure error of law, but I think it ultimately exists. You accept the idea that embedded in the abuse of discretion standard is if you violate, if you make an error of law, it necessarily is an abuse of discretion? I do, Your Honor. But I think that in determining whether a statement is boilerplate or not, I would not say that that is a pure question of law. I think that is. And that's why using this hypothetical on the continuum, in that hypothetical there really is no boilerplate statement made at all. I mean there isn't one that essentially links it to this case. It's just saying this is a law on necessity. I've satisfied it. And in that situation it may well be, would you accept the premise, that there has been an embedded error of law if the court finds that sufficient? Right. I think in that extreme hypothetical perhaps. Okay. But if there is a language that is, well, frankly, language you might expect to find in an affidavit justifying necessity about the factual circumstances of what you haven't been able to achieve, even if you could find that in 100 other affidavits of the same type, the court's determination that it is particularized enough, would that be an error of law? I don't think so, Your Honor, because I think this Court has recognized in cases like Castillo-Garcia and Ramirez-Incarnacion that it looks at the affidavit as a whole. So I think that further supports a broader abuse of discretion standard because we are reading these statements in context. And so I think all of that would support an abuse of discretion standard. But I think regardless of what that standard entails, I think we are far afield from that here for the reasons I mentioned. Counsel, could I ask you, based on the requirement or the understanding that a Title III wiretap is an investigative technique of last resort, how do you respond to the appellant's argument about lack of mobile surveillance leading up to this application? So I think those are the main paragraphs in question. And what I would emphasize is that the agents tried mobile surveillance and they offered their explanations for why it did not work. So this is not a case where agents did not try it at all, even though I would point out that this Court has held that agents need not exhaust every investigative technique. But I think they tried to exhaust it here and explained why, and from our perspective, those explanations were sufficient under this Court's precedent. And that's where they reference evasive driving techniques that were being used in those situations? Right, evasive driving, situational awareness, and then a target telephone five, burn runs, and driving away at a high rate of speed. Yeah. And unless the Court has any further questions, I would ask that the Court affirm. Thank you, Counsel. Your Honor, just briefly on preservation, I want to be very clear about one thing. Page 296 of the record, paragraph 8, these statements are there, generalized or conclusory statements are insufficient, Castillo-Garcia is cited. Boilerplate assertions also will not satisfy the necessity requirement. That is the arguments from the motion to suppress that was filed below. Now, what I would like to say on the error of law that here occurred is this. If Castillo-Garcia says that certain kinds of statements are insufficient to satisfy necessity, then if a court concludes that factually indistinguishable statements are sufficient, that is an abuse of discretion. Well, if the Court makes that determination in the context of a particular case, which is why I gave the hypothetical I did, if you've got a set of statements that in almost every necessity affidavit, they're going to say the same kinds of things. I did X, Y, and Z. We couldn't succeed in doing it. They give the reasons they couldn't succeed in doing it. Okay, fine. Well, they give those. They may bear some similarity to being boilerplate, but in the context of this particular case, if the Court says, you know, I'm looking at the affidavit as a whole, I'm looking at what they said, and I decide, you know, it just gets us over the finish line. How can that be deemed to be an error of law so that we have to say that when we make that, when we look at that assessment, that assessment is beyond dispute a violation of the law, as opposed to the hypothetical that I gave earlier, where essentially that was a stripped-down affidavit where it just says, we win, we have necessity, because here's the legal requirements. No, these are the legal requirements, and we satisfy them. Tell me why, given that hypothetical, how you can move away from that hypothetical to what we have here, and that still be an error of law. I'm out of time. May I briefly answer that question, Your Honor? Please. Here's what I would say. Castillo-Garcia says if there are statements that could be said of basically any drug conspiracy circumstance, those are conclusory and boilerplate to satisfy the necessity requirement. And when you look at the specific statements, I think they start in something like paragraph 72 and run maybe 10 or so more. In the context of this case and what had happened here, the relatively brief period of time that surveillance had happened, and the fact that mobile surveillance could be used in conjunction with a GPS tracker that was there, what was offered as to why that wouldn't work is something that could be said of any drug conspiracy, and Castillo-Garcia says those kinds of statements are not enough. Thank you, counsel. Thank you, Your Honor. Case is submitted. As I mentioned, we'll take about a 10-minute break. Thank you very much. Yes, thank you, counsel. Thank you.